**UNITED STATES of America**

v.

**William CHEN et al., Defendants.**

**No. S 78 Crim. 737 (VLB).**

United States District Court,
S. D. New York.

June 26, 1979.

Robert B. Fiske, Jr., U. S. Atty. for the Southern District of N. Y., New York City by David W. O'Connor, Asst. U. S. Atty., New York City, for United States of America.

Harry R. Pollak, New York City, for defendant Chan King King.

Irving Anolik and Stephen L. Cohen, New York City, for defendant William Chen.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

Defendants William Chen and Chan King King were convicted, after a jury trial, of conspiracy to violate the narcotics laws and of the substantive crime of importing heroin.[1] At the conclusion of the trial, I instructed the government and defendants to consider whether the United States courts could properly exercise jurisdiction over the substantive importation counts which were alleged in the indictment and proved at trial.[2]

Defendant William Chen has filed a motion and memorandum of law, joined in by defendant Chan King King, seeking arrest of the judgment of conviction and dismissal of Counts Two, Three and Four of the indictment, the importation counts, alleging that this court does not have jurisdiction over the offenses, if any, because no acts were committed by defendants within the United States.

Defendant William Chen was convicted of importing heroin into the United States on or about May 25, 1976, August 9, 1978, and September 14, 1978. Defendant Chan King King was convicted of importing heroin into the United States on or about May 25, 1976. Defendants are citizens of Hong Kong, and the heroin was shipped to the United States by mail from outside · the country and received at a United States Post Office box within the Southern Dis-

trict of New York, which Post Office box was within the control of the Drug Enforcement Administration ("DEA").

■ "Importation" is defined in 21 U.S.C. § 951(a)(1) as "any bringing in or introduction of such article into any area. . . .' Obviously, defendants did not bring the heroin into the United States. However, the mailing of the heroin to a United States Post Office box constitutes "introduction" of heroin into the United States. Thus, defendants' acts come within the ambit of the statutory definition of "importation."

The vital inquiry is whether the assumption of jurisdiction over defendants for introducing heroin into the United States without themselves entering the United States violates international principles of jurisdiction.

■ The Supreme Court has held that a state, here a country, may assert jurisdiction over someone who committed acts outside the jurisdiction which were intended to produce and produced detrimental effects within the jurisdiction:

> Acts done outside a jurisdiction, but intended to produce and producing detrimental effects within it, justify a state in punishing the cause of the harm as if he had been present at the effect, if the state should succeed in getting him within its power.

*Strassheim v. Daily*, 221 U.S. 280, 285, 31 S.Ct. 558, 560, 55 L.Ed. 735 (1911) (Holmes, J.), discussed in *United States v. Pizzarusso*, 388 F.2d 8 (2d Cir. 1968).

Defendants argue that the test set forth in *Strassheim v. Daily, supra*, requires proof that the detrimental effects intended were achieved. They argue further that this test is not met in this case because no detrimental effects were achieved within the United States—once the heroin was delivered to the United States Post Office box, it was not outside the control of the DEA.

---

1. Defendant William Chen was also convicted of possession of heroin with intent to distribute, and with distribution of heroin.

2. A third defendant, Suvict Pimsa Nguan, was convicted on the conspiracy charge and on the substantive charge of distribution and possession with intent to distribute, of heroin.

Defendants are cavalier in their assertion that there was no detrimental effect within the United States. Congress has recognized explicitly that the illegal importation of controlled substances has "a substantial and detrimental effect on the health and general welfare of the American people." 21 U.S.C. § 801(2).

A detrimental effect on the United States occurred from the necessity of the involvement of the DEA, with the inherent physical danger and fiscal cost. It would not effectively protect the welfare of the American people if jurisdiction arose only after someone was harmed by use of the imported heroin, especially where it is clear that illegal sale was the purpose of the importation and that only the intervention of the DEA thwarted the availability of the heroin for street sale and use.

This Court properly exercised jurisdiction. Defendants' motion is denied.

SO ORDERED.